# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL LONG,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES, *et al.*,<br><br>  Defendants. | Case No. 1:23-cv-01117-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kevin Michael Long ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 27, 2023, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

///

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff attempts to raise claims against the United States, California, Stanislaus County, the city of Modesto, Israel, various churches, the California Secretary of State, all nations of the world, all people of the world, and all Christian churches. (ECF No. 1.)  Plaintiff appears to raise claims regarding his arrest for thinking he was the King of Israel and violations of his rights regarding his entitlement to religious tithes from all churches, his attempt to run as a write-in candidate for the United States presidency, and his secession from the United States and formation of his own nation.  (*Id.*)

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The allegations in the complaint disjointed and difficult to decipher at best, and appear to raise only frivolous allegations.  At no point does Plaintiff allege that he is at risk of suffering any physical injury.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Long v. USA*, Case No. 1:13-cv-01368-SAB (E.D. Cal.) (dismissed on Sept. 11, 2013 as frivolous); (2) *Long v. USA*, Case No. 1:13-cv-01228-JLT (E.D. Cal.) (dismissed on Jan. 16, 2014 as frivolous); (3) *Long v. Stanislaus Cty. Super. Ct.*, Case No. 1:13-cv-01370-SAB (E.D. Cal.) (dismissed on May 1, 2014 for failure to state a claim); (4) *Long v. USA California*, Case No. 1:13-cv-01256-GSA (E.D. Cal.) (dismissed on June 23, 2014 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

     Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

     Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

\* \* \*

     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 28, 2023**         /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE